# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | | |
|---|---|---|
| RACHEL LEWIS, | ) | CASE NO. 1:21-CV-01736-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |

Plaintiff, Rachel Lewis, ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the following reasons, this Court recommends that the matter be dismissed for lack of prosecution.

**I.      Background**

Plaintiff filed her complaint pro se on September 7, 2021. (ECF No. 1). Defendant filed the Administrative Record on November 3, 2021. (ECF No. 7). Pursuant to Local R. 16.3.1(e), "Plaintiff's merits brief is due within 45 days of the filing of the administrative record." Plaintiff's

brief was thereafter due on or before December 20, 2021.[1] Plaintiff did not seek leave for additional time to file her brief. On January 27, 2022, this Court issued an Order to Show Cause, on or before February 17, 2022, why the undersigned should not recommend dismissal of the above-captioned action for Plaintiff's failure to prosecute. (ECF No. 12). As of the date of this Report and Recommendation, Plaintiff has not responded to the Court's show cause order.

## II.     Law and Analysis

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wasbash R. Co.*, 370 U.S. 626, 629-632 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (collecting cases); *see also Alsup v. Int'l Union of Bricklayers & Allied Craftsmen of Toledo, Ohio, Local Union No. 3*, 902 F.2d 1568 (6th Cir. 1990) ("In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962), the Supreme Court concluded that district courts retain an 'inherent power' to dismiss actions or claims sua sponte for lack of prosecution under Rule 41(b)."). The authority to dismiss a plaintiff's case for failure to prosecute "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)).

---

[1] Forty-five days after November 3, 2021 was December 18, 2021, a Saturday. When a filing deadline falls on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(C).

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id*.

First, even after the Court provided Plaintiff with time beyond the original due date for filing her Brief and warned Plaintiff that a failure to file a Brief could result in dismissal of her case for failure to prosecute, Plaintiff has not filed her Brief. Second, Defendant has been required to defend Plaintiff's Complaint. Defendant filed the Administrative Record. (ECF No. 11). Third, on January 27, 2022, the Court warned Plaintiff that failure to file a Brief "may result in 'dismissal for want of prosecution without further notice.'" (ECF No. 8). Plaintiff's pro se status should not excuse her from her failure to comply with court orders. Finally, to adjudicate this action, briefing is necessary. Thus, a sanction less than dismissal would not be effective in ensuring resolution of the case.

Accordingly, after considering the factors set forth in *Knoll*, the undersigned finds that dismissal is warranted. Considering Plaintiff is proceeding pro se, the undersigned concludes that dismissal without prejudice—as a less drastic sanction than dismissal with prejudice—is warranted.

**III. Recommendation**

For the foregoing reasons, the undersigned recommends that the Court DISMISS Plaintiff's Complaint without prejudice for failure to prosecute.

Dated: February 23, 2022

                                          s/ *Carmen E. Henderson*
                                          CARMEN E. HENDERSON
                                          U.S. MAGISTRATE JUDGE

_____

OBJECTIONS

      Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).